Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

(9)

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2091 | DATE | 1/24/2001 |
| CASE TITLE | Michael Grivesman et al. Vs. Carnival Cruise Lines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Carnival's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JAN 25 2001 date docketed |
| | Notified counsel by telephone. | docketing deputy initials |
| ✓ | Docketing to mail notices. | date mailed notice |
| ✓ | Mail AO 450 form. | mailing deputy initials |
| | Copy to judge/magistrate judge. | |

WAH — courtroom deputy's initials

01 JAN 24 PM 1:56 — Date/time received in central Clerk's Office

Document Number: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GRIVESMAN, et al., Plaintiffs, | ) | |
| vs. | ) | No. 00 C 2091 |
| CARNIVAL CRUISE LINES, Defendants. | ) | |

DOCKETED
JAN 25 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs are dissatisfied customers of defendant Carnival Corporation. They claim that delays and poor service ruined the Caribbean vacation they took last spring aboard the cruise ship *Destiny*. In this admiralty lawsuit they blame Carnival Corporation and its president (collectively "Carnival") for the misadventure.

## BACKGROUND

The *Destiny* was scheduled to embark from Miami in the mid-afternoon of March 26, 2000, and return from its week-long cruise on the morning of April 2, 2000. Unfortunately, things did not go as planned. The *Destiny* was delayed several hours in sailing from Miami on March 26 and, even worse, was several hours late returning to Miami on April 2. The late return was especially disruptive because it caused plaintiffs to miss their flights home to Chicago. Plaintiffs were forced to stay in Miami for an additional two days and could not return to Chicago until April 4, 2000. Plaintiffs allege that these delays, along with the poor quality of service they received while on-board the ship, subjected them to tremendous inconvenience, embarrassment and financial loss.

10

Immediately upon returning from their trip plaintiffs filed this *pro se* lawsuit against Carnival, alleging breach of contract and negligence. Carnival has responded with a motion to dismiss. Carnival argues, *inter alia*, that the complaint should be dismissed for improper venue. We agree.

## DISCUSSION

Paragraph 18 of the contract attached to plaintiffs' cruise tickets contains the following forum selection clause:

> It is agreed by and between the guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, shall be litigated, if at all, in and before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

(Def. Exh. A ¶ 18). Relying on this provision, Carnival claims that venue is proper only in Florida and that this case cannot be litigated in Illinois. Accordingly, Carnival asks us to dismiss plaintiffs' lawsuit under Rule 12(b)(3). On a 12(b)(3) motion we take as true the allegations in the complaint unless they are controverted by defendants' affidavits. We may examine evidence outside the complaint to determine whether venue is proper, but must resolve all factual disputes and draw all reasonable inferences in plaintiffs' favor. J.H. Ryder Machinery, Ltd. v. Nissan Forklift Corp., 1998 WL 867414, at *2 (N.D. Ill. Dec. 1, 1998).

It is well settled that forum selection clauses like the one contained in plaintiffs' cruise ticket contracts are presumptively valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1971). Indeed, the Supreme Court affirmed this principle several years ago in another case involving the forum selection clause contained in Carnival's cruise ticket contracts. Carnival

Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991).[1] In Shute, the Supreme Court provided several reasons for upholding Carnival's forum selection clause, even though the provision was part of a non-negotiated form contract. The Court held that such forum selection clauses would be valid so long as there was adequate notice and no fundamental unfairness. *Id.* at 593-95. Following M/S Bremen and Shute, courts in this circuit have upheld forum selection clauses on a number of occasions, including in cases regarding cruise ticket contracts. *See, e.g.,* Bonny v. Society of Lloyd's, 3 F.3d 156, 159-161 (7th Cir. 1993), *cert. denied,* 510 U.S. 1113 (1994); Moraites v. Royal Caribbean Cruises, Ltd., 1994 WL 405919, at *1-3 (N.D. Ill. Jul. 29, 1994). Carnival makes the straightforward argument that we, too, should follow Supreme Court precedent and enforce the forum selection clause contained in plaintiffs' cruise tickets.

Plaintiffs counter that the forum selection clause is not enforceable against them. They offer two reasons. First, plaintiffs claim that they did not receive adequate notice of the forum selection clause and therefore cannot be bound by it. This argument finds its roots in Shute. In upholding the forum selection clause in that case the Supreme Court repeatedly noted that the respondents had conceded that they were given notice of the forum provision. Shute, 499 U.S. at 590, 595. Thus, the Court built in a limitation to its holding: presumptive validity would not attach to a forum selection clause unless plaintiffs had received sufficient notice of it. Sufficient notice means that the forum selection clause must have been reasonably communicated to plaintiffs. *Id.* at 591; *see* Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9 (2d Cir. 1995). The reasonableness of the communication in this context depends on both the

[1]The clause analyzed in Shute is nearly identical to the one at issue here: "It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country." Shute, 499 U.S. at 587-88.

clarity of the forum selection clause and the circumstances surrounding the purchase and retention of the ticket. *See* Lauri v. Cunard Line Ltd., 2000 WL 791771, at *1 (E.D. Mich. May 15, 2000); Walker v. Carnival Cruise Lines, 63 F.Supp.2d 1083, 1087 (N.D. Cal. 1999).[2]

As to the first part of the test, there is no question that Carnival's cruise ticket contracts clearly described the forum selection clause. Paragraph 18 speaks for itself and was upheld in Shute, 499 U.S. at 587-88. Furthermore, the outside cover of the ticket includes a statement, in bold type and all capitals, directing the ticket-holder's attention to the numbered contract paragraphs contained therein. Another statement at the beginning of the numbered paragraphs further highlights the limitations that follow, and specifically advises the ticket-holder to pay attention to paragraphs 15-20 (Def. Exh. A). Carnival's forum selection clause was both clear and conspicuous from the face of the ticket.

But a clearly stated clause does not necessarily amount to adequate notice. We must also examine extrinsic factors "surrounding the passenger's purchase and subsequent retention of the ticket/contract." Walker, 63 F.Supp.2d at 1087; Lauri, 2000 WL 791771, at *1. On this front, a handful of cases have refused to enforce a cruise ticket's forum selection clause where the passenger received the ticket contract, and thereby obtained notice of the clause, at such a late date that cancellation would require forfeiture of the entire ticket price. *See* McTigue v. Regal Cruises, Inc., 1998 WL 191430, at *1-2 (S.D.N.Y. Apr. 22, 1998); Corna

---

[2]Courts in our circuit and elsewhere often have applied the reasonable communication test in an analogous line of cases regarding the enforceability of limitations periods contained in cruise ticket contracts. See Stevens v. Harrah's Illinois Corp., 1999 WL 639182, at *2-3 (N.D. Ill. Aug. 17, 1999); Thompson v. Ulysses Cruises, Inc., 812 F.Supp. 900, 902-04 (S.D. Ind. 1993). These cases also employ a two-pronged approach, examining the clarity of the ticket as well as extrinsic factors to determine whether the limitations period had been reasonably communicated to the ticket-holder.

v. American Hawaii Cruises, Inc., 794 F.Supp. 1005, 1011-12 (D.Haw. 1992).[3] In this case plaintiffs have made no allegations regarding late receipt of the ticket contracts. To the contrary, according to the documents available to us, plaintiffs acquired notice of the forum selection clause in time to cancel the trip with little penalty. The record indicates that plaintiffs' travel agent faxed relevant information to plaintiffs on February 22, 2000, more than a month before the cruise was scheduled to begin (Pl. Exh. A).[4] Under Carnival's cancellation policy, which was detailed in the ticket contract as well as in the cruise brochure, plaintiffs would have forfeited only their deposit if they had canceled their trip at that time (Def. Exh. A at ¶ 8; Pl. Exh. K). The extrinsic circumstances here are not particularly egregious. Courts have enforced forum selection clauses in closer cases. *See* Lauri, 2000 WL 791771, at *2-3 (plaintiff received tickets 19 days prior to departure, at which time cancellation would have resulted in full forfeiture); Hicks v. Carnival Cruise Lines, Inc., 1994 WL 388678, at *3-4 (E.D. Pa. Jul. 26, 1994) (travel agent received tickets 5 days prior to departure and delivered them to plaintiff 2 days prior to departure, while full forfeiture was triggered at 3 days prior to departure).[5] Plaintiffs had the opportunity to review the ticket contracts, and

---

[3]These holdings find support in Shute, where the Supreme Court upheld the forum clause based not only on respondents' concession with regard to notice, but also on the related assumption that respondents "retained the option of rejecting the contract with impunity." *Id.* at 595; *see* Corna, 794 F.Supp. at 1011-12.

[4]It does not matter whether plaintiffs actually read the ticket contracts. They are bound to the terms of the tickets so long as they had the opportunity to do so, either directly or through their travel agent. *See* Walker, 63 F.Supp.2d at 1089 (citing cases); Stevens, 812 F.Supp. at 903 ("Cruise passengers have a contractual duty to inform themselves of their contract terms."); *see also* Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992) (enforcing forum clause and holding that "a person who signs a contract is presumed to know its terms and consents to be bound by them.").

[5]In a pre-Shute case, Judge Grady addressed a situation similar to the one presented here. Walker v. Carnival Cruise Lines, Inc., 681 F.Supp. 470, 478-79 (N.D. Ill. 1987). In Walker, plaintiff purchased a Carnival cruise ticket through a travel agent without having had the opportunity to review the ticket and learn of it's forum selection clause. Plaintiff received the ticket (and notice of the clause) only after he had already paid a deposit for the trip. Judge Grady was troubled by the non-negotiated nature of the ticket contract – a concern later allayed by the Supreme Court in Shute – but nevertheless held that the

learn of the forum selection clause clearly stated therein, while there was still time to get out of the deal. That is all that the law requires when it comes to adequate notice.

The second issue plaintiffs raise is hardship. This argument also stems from M/S Bremen and Shute. In those cases the Supreme Court held that the presumptive validity of a forum selection clause can be overcome if the resisting party shows that the clause is unreasonable or fundamentally unfair. Shute, 499 U.S. at 594-95; M/S Bremen, 407 U.S. at 10. One way a party can establish unreasonableness is by proving that litigation in the selected forum is so gravely "inconvenient that he will for all practical purposes be deprived of his day in court." M/S Bremen, 407 U.S. at 18. This is a difficult argument to make, and not many plaintiffs will be able to satisfy "the 'heavy burden of proof,' required to set aside the clause on grounds of inconvenience." Shute, 499 U.S. at 595. Plaintiffs try to meet the test, however, claiming that many of their number are students whose academic schedules and financial status prevent them from litigating this case in Florida. Plaintiffs have not submitted any affidavits in support of this hardship argument, but they proceed *pro se* so we give them the benefit of the doubt. Even so, expense and inconvenience of the order described by plaintiffs are not enough to nullify the forum selection clause, particularly as local parties and witnesses can be heard in Florida by deposition. *See* Shute, 499 U.S. at 594-95; Moraites, 1994 WL 405919, at *3; Walker v. Carnival Cruise Lines, Inc., 1987 WL 28413, at *2 (N.D. Ill. Dec. 22, 1987); *see also* Walker v. Carnival Cruise Lines, 107 F.Supp.2d 1135, 1140-43 (N.D. Cal. 2000) (discussing relevant case law and refusing to enforce forum clause based on extreme facts regarding the disability and poverty of plaintiffs).

---

circumstances regarding disclosure were not dire enough to defeat the enforceability of the forum selection clause.

Although plaintiffs understandably are disheartened by the prospect of pursuing their claims in Florida, the forum selection clause in their cruise ticket contracts is valid and enforceable. We therefore dismiss the complaint without prejudice pursuant to Rule 12(b)(3).[6] Of course, as the forum selection clause provides, plaintiffs retain their right to file this lawsuit in the appropriate court in Miami-Dade County, Florida. We deny defendant's request for fees.

CONCLUSION

For the reasons set forth above, Carnival's motion to dismiss is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 24, 2001.

[6] We could transfer this case to the federal court in the Southern District of Florida, but plaintiffs do not suggest this as an alternative. More importantly, we seriously doubt that any federal court has subject matter jurisdiction. This is a diversity case, requiring an amount in dispute as to each plaintiff to exceed $75,000. It is difficult to picture a scenario, should there be liability, that justified an award exceeding $75,000 to any plaintiff.